# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES A. HENSON, JR., | * |
| Plaintiff, | * |
| v. | * Civil Action No. RWT-12-1158 |
| FLOYD BENSON, *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

Pending are Defendants Floyd Benson, E.M. Niland, Philip Merling, and Rodney O. Likin's Motion to Dismiss, or in the Alternative Motion for Summary Judgment and Plaintiff's responses thereto. ECF Nos. 12, 14 & 15.[1] Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011).

## Background

Plaintiff alleges that Defendants refused to give him toilet cleaner. He further alleges that Defendants allowed the inmate sanitation worker called "Rooster" to come to Plaintiff's cell and threaten him. Plaintiff also claims that his lunch tray was served with rotten fruits, moldy bread, spoiled milk, and with food stuck to the tray from previous meals. Plaintiff alleges that Rooster reports only to Defendant Likin. ECF No. 1.

Defendant Benson states that the inmate called Rooster is Timothy Stivers, who is assigned as a Special Utility Worker in WCI's special housing unit. ECF No. 12, Ex. 3. Inmate-assisted meal services are supervised by the correctional officer assigned to the tier. Benson

---

[1] To the extent that Plaintiff raises new claims regarding interference with his mail, assault by correctional staff, and allegations that staff have failed to protect him by announcing to the tier the nature of his crime in his oppositions to the pending dispositive motion, those claims are not properly before the Court and will not be considered here. If Plaintiff believes that his civil rights have been violated in regard to this claims, he is free to file a new civil rights complaint setting out those claims.

avers that he does not recall Plaintiff ever inquiring about Stiver's name or DOC number. Defendants Likin, Merlin, and Nildan also do not recall Plaintiff inquiring as to Stiver's identity. *Id*.

Sgt. James Krumpach, not named in these proceedings, was named in an ARP filed by Plaintiff on April 10, 2012, claiming that Stivers gave Plaintiff a half-eaten lunch. *Id*., Ex. 1. Krumpach avers that he never gave Plaintiff rotten food or in any way tampered with the contents of Plaintiff's meals. Krumpach further avers that he never observed or allowed Stivers to give Plaintiff rotten food or tamper with his meals. *Id*.

A review of Plaintiff's Administrative Remedy Requests ("ARPs") demonstrates that he filed six ARPS prior to filing the instant case. *Id*., Ex. 1. Plaintiff's December 29, 2011 ARP concerned religious services, commissary access, and property. *Id*., p. 3. Plaintiff's January 14, 2012 ARP contained multiple complaints including a complaint that he was not allowed to clean his cell and a claim that other inmates were placed in positions of authority by correctional staff. *Id*., p. 4. He was directed to resubmit the ARP to include only one issue or a reasonable number of closely-related issues. *Id*. Plaintiff appealed this finding; however, the appeal was dismissed as he failed to resubmit the request in accordance with instructions. *Id*., p. 5. Plaintiff's February 7, 2012 ARP complained of water issues in his cell. *Id*., p. 7. Plaintiff's February 20, 2012 ARP complained of lack of access to various personal hygiene and stationary items. *Id*., p. 20. Plaintiff's March 6, 2012 ARP complained of threatening behavior by a correctional officer (not a party to these proceedings) and that correctional staff had planted contraband in his cell. *Id*., p. 13. Plaintiff's April 10, 2012 ARP alleged that Krumpach and Rooster came to his cell and gave him a lunch tray containing a partially eaten meal. *Id*., p. 17. In the same ARP,

Plaintiff alleged that Krumpach and Lt. Johnson assaulted him on April 5, 2012, when he refused to be housed with a gang member. Plaintiff alleged that the inmate had been supplied with a shank by Sgt. Miller moments before he tried to enter the cell. The ARP was dismissed on April 19, 2012, as it raised multiple unrelated issues. Plaintiff was advised to resubmit the ARP and raise only one issue or a reasonable number of closely-related issues. *Id.*

After the April 29, 2012 dismissal, Plaintiff filed a grievance with the Inmate Grievance Office (IGO) which was received on June 20, 2012. *Id*., Ex. 2. The grievance was dismissed on August 8, 2012, due to Plaintiff's failure to exhaust his administrative remedies by not resubmitting the April 10th ARP as requested. *Id*.

**Standard of Review**

A.     **Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 1969. The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**B.      Summary Judgment**

Summary Judgment is governed by Fed. R. Civ. P. 56(a), which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The Court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The Court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986), the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not

4

himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his case as to which he would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

**Analysis**

The Court must first consider Defendants' claim that Plaintiff's Complaint must be dismissed in its entirety due to his failure to exhaust administrative remedies. The PLRA provides, in pertinent part:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

Plaintiff is subject to the strict requirements of the exhaustion provisions. It is of no consequence that a plaintiff is aggrieved by a single occurrence, as opposed to a general condition of confinement claim. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is required even though the relief sought is not attainable through resort to the administrative remedy procedure. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). A claim which has not been exhausted may not be considered by this court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

In Maryland, filing a request for an administrative remedy with the warden of the prison is the first of three steps in the ARP process. The ARP must be filed within thirty days of the date on which the incident occurred, or thirty days of the date the inmate first gained knowledge of the incident or injury giving rise to the complaint, whichever is later. If the request is denied, a prisoner has thirty calendar days to file an appeal with the Commissioner of Correction. If the appeal is denied, the prisoner has thirty days to file a grievance with the Executive Director of the Inmate Grievance Office. *See* Md. Code Ann. Corr. Serv. §§ 10-206, 10-210; Md. Regs. Code title 12 § 07.01.03. To show exhaustion, Plaintiff must demonstrate that he appealed his grievance through all three steps in the administrative process.

Administrative remedies must, however, be available to the prisoner and this Court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). The Fourth Circuit has addressed the meaning of "available" remedies:

> [A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it.

> Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison officials have been given an opportunity to address the claims administratively. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond.

*Moore v. Bennette*, 517 F. 3d 717, 725 (4th Cir. 2008) (citations omitted).

Thus, Plaintiff's claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003). The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 582 F. Supp. 2d at 530; *Gibbs v. Bureau of Prisons*, 986 F. Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

Defendants, who have raised non-exhaustion as an affirmative defense, provide evidence that Plaintiff did not exhaust his claims through each stage of the grievance process. Plaintiff has

7

come forward with no evidence to the contrary.  Plaintiff has failed to demonstrate that through no fault of his own, he was prevented from availing himself of the administrative process.  As Plaintiff has failed to exhaust such administrative remedies as were available to him, his case shall be dismissed.

**Conclusion**

For the aforementioned reasons, Defendants' Motion, construed as a motion for summary judgment, shall be granted.  A separate Order follows.


<u>July 22, 2013</u>                                                                                      /s/
Date                                                                                         Roger W. Titus
                                                                                        United States District Judge